IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAIAH J. BREWER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0951 |
| | : | |
| BLANCHE CARNEY, | : | |
|     Defendant. | : | |

MEMORANDUM

GALLAGHER, J.                                                                                       NOVEMBER 4, 2022

Plaintiff Isaiah J. Brewer, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights based on events that are alleged to have occurred while he was a pretrial detainee at the Philadelphia Industrial Correctional Center ("PICC"). ("Compl.") (ECF No. 2.) He has also filed a Motion for Leave to Proceed *in Forma Pauperis* and an inmate account statement. (ECF Nos. 11, 3), a Motion to Appoint Counsel (ECF No. 10), and a Motion for Information (ECF No. 17).[1] For the following reasons, the Court will grant Brewer leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim. Brewer will be granted leave to file an amended complaint. Brewer's motion to appoint counsel will be denied without prejudice as premature and his motion for information, which requests information on the status of this case, will be denied as moot in light of the filing of this Memorandum and accompanying Order., which provides Brewer with the status of this case.

---

[1] Brewer also filed two Motions for Change of Address. (ECF Nos. 12, 13.) Upon review, these documents were incorrectly docketed as motions, as they are merely notices of changes of address. The Clerk of Court will be directed to docket them as such and to terminate the Motions for these submissions.

I.      **FACTUAL ALLEGATIONS**[2]

Brewer asserts claims against Blanche Carney, the Commissioner of the Philadelphia Department of Prisons. (ECF No. 2 at 2.) He asserts claims against her in both her individual and official capacities. (*Id.*) Brewer completed the Court's form complaint for a prisoner filing a civil rights claim and attached additional handwritten pages to his Complaint, which provide further allegations. The Court deems the entire submission to constitute the Complaint.

Brewer alleges that when he arrived at the Philadelphia Department of Prisons, he was placed in a holding cell with other inmates, was not provided with linens, and was forced to sleep on the floor. (*Id.* at 15.) He does not identify the correctional facility at issue. Brewer also alleges that he was exposed to COVID-19 by an infected inmate who was also placed in the holding cell. He unsuccessfully requested removal from the cell, and was later quarantined with other infected inmates. (*Id.*) He alleges that the cell he was placed in had mucus, saliva, phlegm, feces and other secretions on the walls, floor, door and bed, and that no cleaning supplies were provided. (*Id.*) He alleges that the window in the cell never closed, the heater did not work, and meals were pushed under the cell door. (*Id.*) He claims that at night, mice and insects entered the cell and his bed, and that insects laid eggs in the light fixtures. (*Id.* at 16.) Brewer describes an incident during which he alleges that a riot occurred when COVID-19 infected inmates were allowed to go out for recreation with uninfected inmates. (*Id.*) During the riot, he observed another inmate stabbed in the neck outside of his cell door. (*Id.*) He claims that the foregoing violated his rights as he experienced a failure to protect, and the cell's condition was unacceptable. (*Id.*)

---

[2] The allegations set forth in this Memorandum are taken from Brewer's Complaint (ECF No. 2). The Court adopts the pagination assigned by the CM/ECF docketing system.

Brewer alleges that while at PICC, he unsuccessfully requested access to the law library to prepare for his case. (*Id.* at 17.) Specifically, he alleges that he intended to subpoena surveillance and body-cam video to support his defense. (*Id.*) He claims that he has been unable to do so, and as a result, has not achieved freedom, and has missed the birth of his son. (*Id.* at 18.) He claims that the foregoing violated his right to access to the courts and legal assistance. (*Id.*)

Brewer alleges that while at PICC, in response to his request to speak to a psychiatrist for treatment of post-traumatic stress disorder, anxiety, and depression, he was told there was a three-month wait for an appointment due to lack of staff. (*Id.* at 19.) Brewer also alleges that he experienced deliberate indifference to his serious medical needs, when medical personnel, escorted by corrections officers, negligently failed to distribute his medication, failed to return with the medication despite promising to do so, and failed to advise upon shift-change that he had not received his medication. (*Id.* at 6, 20.) Brewer claims that the foregoing violated his Eighth and Fourteenth Amendment rights based on denial of the rights of a prisoner with a mental illness and a failure to protect him.

Brewer also alleges that PICC is improperly staffed due to the negligence of the administration, particularly on nights, weekends, holidays, and during major sporting events. (*Id.* at 21.) He claims that he does not feel safe due to the lack of correctional officers, and asserts a claim based on a failure to protect him. (*Id.*)

Brewer asserts that on Sunday, February 20, 2022, on A-Block, all of the lights went out in the late afternoon and did not become operable again until Friday morning. (*Id.* at 22.) Brewer claims that during the outage, he was unable to read his Bible, look at pictures of his son, or write to his family. (*Id.*) He also alleges that the darkness triggered his PTSD and anxiety. (*Id.*) He asserts a prison conditions claim based on the outage. (*Id.*)

Brewer alleges that he filed grievances because his mail had been opened and read. (*Id.* at 23.) He feels that, because he has filed grievances complaining about the staff and administration, he is being targeted, and has been the subject of verbal abuse and suffered mental and emotional harm. He alleges that he has been the subject of racial slurs and profanity by unnamed corrections officers, and has been barked at and meowed at. (*Id.* at 23, 24.) He has filed grievances as a result and complains of the absence of adequate supplies such as grievance forms, which he claims has prevented him from pursuing the grievance appeal process. (*Id.* at 24.) He claims that the foregoing constitute assault and a failure to protect him. (*Id.* at 25.)

Brewer alleges that his mail has been tampered with and he has not received incoming mail from family. (*Id.* at 26.) He claims that the facility is negligently interfering with the delivery of the mail. (*Id.*) He asserts a First Amendment claim based on interference with his mail. (*Id.*) He also claims that his outgoing mail is being held as a form of retaliation against him, and that this constitutes cruel and unusual punishment. (*Id.* at 27.)

The last handwritten page of Brewer's Complaint is a list of dates and names that Brewer alleges correspond to the events and conditions described in the Complaint. (*Id.* at 29.) However, Brewer does not allege which dates or participants are associated with which of the events and conditions he describes. Further, he does not name the alleged participants as defendants in the Complaint. (*See id.*)

Brewer alleges violations of his First Amendment rights based on interference with his mail and telephone use, use of the law library and access to the courts, his Eighth Amendment rights based on cruel and unusual punishment, prison conditions and inadequate medical care, and

his Fourteenth Amendment rights based on due process violations.[3] (*Id.* at 3, 4.) Brewer also asserts a claim based on assault and the alleged failure to protect him. (*Id.* at 7.) He also asserts state law claims including intentional infliction of emotional distress, abuse of process, and negligence. (*Id.*) Brewer alleges that as a result of the foregoing, he does not receive the correct medication, was denied care by a psychiatrist, and contracted COVID-19. (*Id.*) He seeks recovery of compensatory and punitive damages. (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Brewer leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Brewer is proceeding *pro se*,

---

[3] Brewer alleges that he was a pretrial detainee at the time the events giving rise to his claims occurred. (Compl. at 5.) As such, the Fourteenth Amendment, rather than the Eighth Amendment, governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

The Court understands Brewer to be raising constitutional claims based on the conditions of his confinement while at PICC. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. §1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant Carney is the only defendant named in the Complaint, and Brewer asserts claims against her in both her official and individual capacities. Brewer's claims against Carney are not plausible.

### A. Official Capacity Claims

Brewer asserts claims against Defendant Carney in her official capacity. Claims against City officials named in their official capacity are indistinguishable from claims against the City, here, the City of Philadelphia, which is not a named defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom

or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a claim against the City. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

As the United States Court of Appeals recently stated,

> If the alleged policy or custom at issue is a failure to train or supervise (as it is here), the plaintiff must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). "Ordinarily," this requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Otherwise, the plaintiff needs to show that failure to provide the identified training would "likely . . . result in the violation of constitutional rights" — i.e., to show that "the need for more or different training [was] so obvious." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

*Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020).

Brewer has not asserted a claim against the City of Philadelphia. Moreover, he does not allege that his injuries are the result of a policy or custom of the City, or that they are the result of a failure to adequately train or supervise personnel on the part of the City. As such, he has not stated a plausible municipal liability claim and this claim will be dismissed. Brewer will be granted leave to amend this claim.

### B.     Individual Capacity Claims

Brewer has also asserted claims against Defendant Carney in her individual capacity. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); s*ee also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

For supervisory officials, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*,

8

766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Brewer does not include any allegations in the Complaint describing Defendant Carney's personal involvement in any of the events or conditions that give rise to his claims. Moreover, while Brewer alleges that Defendant Carney is the Commissioner of the Philadelphia Department of Prisons, he does not allege that she established or maintained a policy that resulted in his injuries, or that she directed or had knowledge of the conduct of others who may have violated Brewer's rights. Accordingly, Brewer has not stated a plausible claim against Defendant Carney.[4] *See Rode*, 845 F.2d at 1207. Because Brewer has failed to state a plausible claim against Carney,

---

[4] Brewer alleges that he filed grievances based on the conduct and events described in his Complaint, and that no efforts were made to resolve the issues raised. He alleges that his appeals "went all the way up to the Commissioner." (Compl. at 9.) To the extent Brewer seeks to assert a claim against Defendant Carney based on her involvement in the grievance process, the claim is not plausible because Carney's involvement in the grievance process as pled is not actionable under § 1983. *See Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (*per curiam*) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*) ("The District Court properly determined that Defendants [Superintendent] Wenerowicz, Lewis, and Shaylor – who participated only in the denial of Curtis' grievances – lacked the requisite personal involvement [in the conduct at issue].").

his Complaint must be dismissed. However, Brewer will be granted leave to file an amended complaint.

The Court is conscious of Brewer's effort to identify parties who may be responsible for the alleged constitutional violations he describes, and dates upon which events may have occurred by providing lists of dates and names. However, while the Court is required to construe *pro se* pleadings liberally, that duty does not rise to the level of speculation, which the Court would be required to engage in if it were to attempt to link the names and dates provided by Brewer with the events described. On amendment, Brewer is directed to provide this information, and to identify as defendants individuals against whom he intends to assert claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Brewer's request for leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim. Brewer will be granted leave to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Brewer's Motion to Appoint Counsel will be denied as premature. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)   An Order follows, which shall be docketed separately.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**