IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAIAH J. BREWER, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-0951 |
| : | |
| BLANCHE CARNEY, : | |
|     Defendant. : | |

## ORDER

**AND NOW**, this 4th day of November, 2022, upon consideration of Plaintiff Isaiah J. Brewer's Motion to Proceed *In Forma Pauperis* and his Prisoner Trust Fund Account Statement (ECF Nos. 11, 3), his Motion to Appoint Counsel (ECF No. 10), his Motions for Change of Address (ECF Nos. 12, 13), his Motion for Information (ECF No. 17), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Isaiah J. Brewer, #NL-7250, shall pay a filing fee of $347.67[1] in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. In each month when the amount in Brewer's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Brewer's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of SCI Albion.

---

[1] Brewer made an initial partial payment of $2.33 on August 1, 2022 pursuant to this Court's May 26, 2022 Order. (*See* ECF Nos. 14, 6.)

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

6. Brewer may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Brewer's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Brewer should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Brewer a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Brewer may use this form to file his amended complaint if he chooses to do so.[2]

8. If Brewer does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his

---

[2] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Brewer fails to file any response to this Order, the Court will conclude that Brewer intends to stand on his Complaint and will issue a final order dismissing this case.[3] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

10. Brewer's Motion to Appoint Counsel (ECF No. 10) is **DENIED WITHOUT PREJUDICE** as premature.[4]

---

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

[4] Brewer's request for appointment of counsel is premature at this stage of the litigation because the Court has not completed its consideration of the merits of Brewer's claims. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising discretion to appoint counsel "the district court

11.     Brewer's Motion for Information (ECF No. 17) is **DENIED AS MOOT** in light of the filing of this Order and accompanying Memorandum.

12.     The Clerk of Court is **DIRECTED** to correct the docket to reflect that Brewer's Motions to Change Address (ECF Nos. 12,13) are notices and not motions and to **TERMINATE** the pending Motions.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**

---

must consider as a threshold matter the merits of the plaintiff's claim"). The Court will therefore deny the Motion without prejudice to Brewer's right to file a renewed motion for appointment of counsel in the future in accordance with the factors set forth by the United States Court of Appeals for the Third Circuit in *Tabron*.